UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALVIN R. PINKARD,

      Plaintiff,

  -v-                                                 1:18-CV-6122T
                                                             ORDER

OFFICER CROWLEY (New York Police),
OFFICER MERRITT (New York State
Police), OFFICER MCCADDEN (New
York State Police) and JOSEPH
DEMELIO, ESQ.,

      Defendants.
_____

## **INTRODUCTION**

Alvin R. Pinkard ("Plaintiff"), a prisoner confined at the Wayne County Jail, submitted to this Court a *pro se* complaint (Docket Item 1) asserting claims under 42 U.S.C. § 1983. Plaintiff did not pay the filing fee, but he did submit an application to proceed *in forma pauperis* (that is, as someone who should have the prepayment of the ordinary filing fee waived because he or she cannot afford it), along with a certification of his inmate trust fund account. (*See* Docket Item 2). That application, however, did not include an authorization form permitting the Court to withdraw funds from Plaintiff's account.

As set forth below, the Clerk of Court is directed to administratively terminate this action. If Plaintiff wishes to reopen this case, he must notify this Court in writing **within 30 days of the date of this Order** and must include either (1) **the required authorization form**, or (2) the $350.00 filing fee and the $50.00 administrative fee ($400.00 total).

1

**DISCUSSION**

A party commencing a civil action in this Court ordinarily must pay a $350.00 filing fee as well as a $50.00 administrative fee.[1]  *See* 28 U.S.C. § 1914; Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule;[2] Western District of New York, District Court Schedule of Fees.[3]  If a "prisoner" (as defined in 28 U.S.C. § 1915(h)) wishes to commence a civil action, the prisoner must either (1) pay those fees or (2) obtain permission to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

**I. REQUIREMENTS FOR *IN FORMA PAUPERIS* APPLICATION**

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), which amended 28 U.S.C. § 1915, established certain requirements that a prisoner must meet in order to proceed *in forma pauperis*.  The Court summarizes these requirements below.

**A. Supporting Affidavit or Affirmation**

Under 28 U.S.C. § 1915(a)(1), a prisoner seeking to bring a civil action *in forma pauperis* must submit an affidavit or affirmation detailing the prisoner's assets and liabilities and containing a statement swearing under oath that he or she is unable to pay the $350.00 filing fee.  The prisoner should file this motion to proceed *in forma pauperis*, along with the supporting affidavit or affirmation, at the same time as he or she files the

---

[1] Effective May 1, 2013, the Judicial Conference of the United States added an administrative fee of $50.00 to the cost of filing a civil lawsuit in district court.  *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, available at <http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us>.  However, this additional administrative fee does not apply to prisoners who granted permission to proceed *in forma pauperis*.  *See generally id*.

[2] Available at <http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule>.

[3] Available at <http://www.nywd.uscourts.gov/fee-schedule>.

complaint. The United States District Court for the Western District of New York has made available a form motion to proceed *in forma pauperis* with supporting affirmation[4] that is designed to help *pro se* litigants comply with 28 U.S.C. § 1915(a)(1). Here, Plaintiff utilized the Court's form motion and supporting affirmation. (*See* Docket Item 2).

### B. Certification of Inmate Trust Fund Account

Under 28 U.S.C. § 1915(a)(2), a prisoner seeking to proceed *in forma pauperis* also must submit a certified copy of the prisoner's inmate trust fund account statement (or an institutional equivalent) for the six (6) months immediately before the prisoner's complaint was filed. The prisoner must obtain this certified account statement from the appropriate official at each correctional facility where the prisoner was confined during that six-month period. *See* 28 U.S.C. § 1915(a)(2). Alternatively, the prisoner may have prison officials complete and sign the "Prison Certification Section" of the Court's form motion referred to in note 4, *supra*. In the "Prison Certification Section," prison officials provide the information in the prisoner's trust fund account statement required by 28 U.S.C. § 1915(a)(2). Plaintiff's application complied with this requirement. (*See* Docket Item 2).

### C. Authorization Form

A prisoner seeking to proceed *in forma pauperis* also is required to submit a signed authorization form,[5] permitting the institution in which the prisoner is confined to pay—over time, if necessary—the $350.00 filing fee from the prisoner's trust fund account (or

---

[4] The form is available at http://www.nywd.uscourts.gov/pro-se-forms.

[5] The form is available at http://www.nywd.uscourts.gov/pro-se-forms. The Court also has directed the Clerk of Court to mail an authorization form to Plaintiff along with this order.

institutional equivalent). *See* 28 U.S.C. § 1915(b)(1)-(4). In other words, even if the prisoner is granted *in forma pauperis* status, the prisoner must pay the full $350.00 filing fee in installments. *See* 28 U.S.C. § 1915(b)(1)-(2). The initial payment will be 20% of the average monthly deposits to the prisoner's account or 20% of the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *See* 28 U.S.C. § 1915(b)(1). For each month after that, as long as the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner will deduct from the prisoner's account and forward to the Clerk of Court an installment payment equal to 20% of the preceding month's income that was credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). Those payments continue until the $350.00 fee has been paid in full. *Id.*

In this case, Plaintiff did not submit an authorization form, so his application to proceed *in forma pauperis* failed to comply with this requirement.

## II. ADMINISTRATIVE TERMINATION OF THIS ACTION

Here, Plaintiff did not pay the $350.00 filing fee or the $50.00 administrative fee that ordinarily is required to commence a civil action. Nor did Plaintiff submit an authorization form, *see* 28 U.S.C. § 1915 (b)(1)-(4), along with his motion to proceed *in forma pauperis*. Therefore, the Clerk of Court shall administratively terminate this action[6] without filing the Complaint or assessing a filing fee, as ordered below. In addition,

---

[6] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations. Therefore, if the case is reopened under the terms of this order, it is not subject to the statute of limitations time bar as long as it originally was timely filed. *See Houston v. Lack,* 487 U.S. 266 (1988) (prisoner mailbox rule); *McDowell v. Del. State Police*, 88 F.3d 188, 191 (3d Cir. 1996); *see also Williams-Guice v. Bd. of Educ.*, 45 F.3d 161, 163 (7th Cir. 1995).

4

Plaintiff is granted leave to reopen this action no later than thirty (30) days from the date of this Order.

**III. DEFERMENT OF SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) &1915A)**

This Court is required to screen civil actions filed by prisoners and dismiss them if they (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A; *see also* 42 U.S.C. § 1997e(c) (dismissal of prisoner actions brought with respect to prison conditions). Because Plaintiff did not properly commence this action, this Court will defer the mandatory screening process until this case is reopened—if, in fact, it is reopened. Plaintiff is cautioned that if this action is reopened and then dismissed, installment payments of the filing fee pursuant to 28 U.S.C. § 1915 will not be suspended, and Plaintiff will not be permitted to obtain a refund of the filing fee or any part of it that already has been paid.

Plaintiff is further cautioned regarding the "three strikes" rule: If a prisoner has, on three (3) or more prior occasions while incarcerated, filed a federal court action or appeal that was dismissed as frivolous or malicious, or because it failed to state a claim upon which relief may be granted, he or she will not be permitted to bring another action *in forma pauperis* unless he or she is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

**ORDER**

Accordingly, it is hereby

ORDERED that Plaintiff's application to proceed *in forma pauperis* is **denied without prejudice**; and it is further

ORDERED that the Clerk of Court shall administratively terminate this action, without filing the Complaint or assessing a filing fee; and it is further

ORDERED that the Clerk of Court is directed to send a prisoner authorization form to Plaintiff; and it is further

ORDERED that if Plaintiff wishes to reopen this action, he shall so notify the Court, in writing, no later than **thirty (30) days from the date of this Order**. This writing must include either (1) an **authorization form**, or (2) the $350.00 filing fee and the $50.00 administrative fee ($400.00 total); and it is further

ORDERED that upon Plaintiff's timely submission of either (1) the authorization form, or (2) the $350.00 filing fee and the $50.00 administrative fee ($400.00 total), the Clerk of Court shall reopen this case.

**SO ORDERED.**

                                                  s/ Michael A. Telesca
                                        _____
                                                    Michael A. Telesca
                                                 United States District Judge

DATED:     March 23, 2018
                Rochester, NY