UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALVIN R. PINKARD,

    Plaintiff,

  -v-                            **6:18-cv-06122-MAT**
                                       **DECISION AND ORDER**
OFFICER TOMAS CROWLEY, OFFICER
DERREK MERRITT, OFFICER PETER
McCADDEN, N.Y.S. POLICE
DEPARTMENT,

    Defendants.
_____

## INTRODUCTION

    *Pro se* plaintiff Alvin R. Pinkard ("Plaintiff") is an inmate incarcerated at the Attica Correctional Facility ("Attica C.F."). He filed an initial Complaint under 42 U.S.C. § 1983 ("Section 1983") asserting various constitutional violations. Docket Item 1. The Complaint was dismissed on initial screening under 28 U.S.C. § 1915(e)(2)(B) and 1915A, but Plaintiff was granted leave to file an amended complaint as to his false arrest and due process claims. Plaintiff paid the filing fee in full. On October 3, 2018, the Court received an undated Amended Complaint. Docket Item 31. On the same date, the

Court received Plaintiff's requested permission to proceed *in forma pauperis* ("IFP"). Docket Item 32. On October 5, 2018, the Court received a letter from Plaintiff enclosing a newspaper article and an excerpt from the transcript of a grand jury proceeding, which Plaintiff requested be added to the Amended Complaint. Docket Item 34. In November, Plaintiff filed motions requesting that the Marshals Service effectuate service of the Summons and Amended Complaint and that the Court appoint *pro bono* counsel. Docket Items 37 & 39.

**DISCUSSION**

**I. The IFP Motion**

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed the required authorization, he is granted permission to proceed IFP.

**II. Screening of the Amended Complaint**

**A. Section 1915**

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007)

(citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). However, leave to amend pleadings may be denied when any amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

**B. Section 1983**

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was

-3-

attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Accordingly, 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986) (quoting *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087 (1978)).

**C. Summary of the Amended Complaint's Allegations**

In evaluating the Amended Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (*per curiam*). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v.*

*Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (stating that "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases"). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations[,]" *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

The allegations of the Amended Complaint, presumed true at this stage of the proceedings, tell the following story. On August 6, 2017, named defendants, Investigators Tomas Crowley ("Crowley"), Derrek Merritt ("Merritt"), and Peter McCadden ("McCadden") (collectively, "the Investigators") arrested Plaintiff for the murder of his ex-girlfriend. The arrest, according to Plaintiff, was

"without probable cause" and "without any conclusive evidence" that he committed the crime. Docket Item 31, pp. 5, 8.

The following day, after a grand jury hearing, Plaintiff was indicted on the charge of second-degree murder. *Id.*, pp. 8, 18. In order to secure the indictment, the Investigators gave false or inconsistent testimony at the grand jury hearing. *Id.*, pp. 5, 8-11. Specifically, Crowley testified that he had recovered a knife from Plaintiff, but Plaintiff states that the knife "had nothing to do with the crime and it was found in another town." *Id.*, pp. 8, 21-22. Crowley also mistakenly stated that a DNA swab taken from the murder victim's dog had not yet been tested to determine whether the dog could have inflicted some of the victim's wounds, when the DNA test results actually had come back months earlier. *Id.,* pp. 8, 20-21, 23. McCadden gave inconsistent testimony as to what days he was present at the crime scene, as well as where Plaintiff was in relation to his vehicle when the Investigators came to

question him the day after the murder. *Id.*, pp. 8-10, 24-28.

Plaintiff was detained at the Wayne County Jail ("Jail") pending trial. *Id.*, p. 9. During his stay there, he was brought to the emergency room "several" times because he suffered "serious and life-threatening issue[s]" due to being denied medicine and meals suitable for a diabetic prone to blood clots. Docket Item 31, p. 6.

**D. Plaintiff Has Not Alleged a Viable False Arrest Claim**

"A plaintiff claiming false arrest must show, *inter alia*, that the defendant intentionally confined him without his consent and without justification." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). "The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Id.* (quotation marks and citations omitted). "A prosecution and conviction, if not overturned, is conclusive evidence that an arrest was supported by the

requisite probable cause." *Duamutef v. Morris*, 956 F. Supp. 1112, 1117 (S.D.N.Y. 1997).

While Plaintiff was a pretrial detainee at the County Jail when he filed his initial Complaint, he is now a sentenced prisoner following his conviction of second-degree murder. *See* Docket 26. Plaintiff does not allege any facts suggesting that his conviction has been overturned. Accordingly, Plaintiff's false arrest claim is dismissed without prejudice to refile at a later date, should Plaintiff's conviction be overturned on appeal.

### E. Plaintiff Will Be Allowed to Replead His Claims Pertaining to Conditions of Confinement and Inadequate Medical Care

Plaintiff asserts that while he was detained at the Jail, he was denied proper medical treatment in violation of his constitutional rights. Docket Item 31, pp. 5-6. Because Plaintiff was a pretrial detainee, the Court therefore reviews his claims under the Fourteenth Amendment due process standard, rather than under the Eighth Amendment standard applicable to sentenced

prisoners. *Darnell v. Pineiro*, 849 F.3d 17, 30, 35 (2d Cir. 2017).

"To state a claim for deliberate indifference to serious medical needs, a pretrial detainee must satisfy a two-pronged test: First, 'the alleged deprivation of adequate medical care must be "sufficiently serious."'" *Davis v. McCready*, 283 F. Supp.3d 108, 116 (S.D.N.Y. 2017) (quoting *Lloyd v. City of New York*, 246 F. Supp.3d 704, 717 (S.D.N.Y. 2017) (quoting *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 139 (2d Cir. 2013)). "Second, the defendant must act with a 'sufficiently culpable state of mind.'" *Id.* (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)).

With regard to the "state of mind" prong, the Second Circuit clarified that, following the Supreme Court's decision *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), it is "defined objectively." *Darnell*, 849 F.3d at 35. Thus,

> the pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk

> that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety. In other words, the "subjective prong" (or "*mens rea* prong") of a deliberate indifference claim is defined objectively.

*Darnell*, 849 F.3d at 35.

Plaintiff alleges that he suffers from type II diabetes and the autoimmune disease, lupus. He is on a blood-thinning medication because his lupus makes him prone to blood clots. *Id.*, pp. 6, 9. Because unnamed individuals at the Jail "never gave [him] [his] blood thinner [Coumadin] for days," he was taken to Newark Wayne Hospital for blood clots in his feet and legs. *Id.*, p. 9. The food he was given at the Jail was not appropriate for his dietary needs as a diabetic. Instead of providing him a proper diet, employees at the Jail gave him insulin, which caused his glucose levels to increase dramatically and caused him to suffer dizzy spells and weakness "that came and went all through the day." *Id*. Plaintiff attaches an unsworn affidavit from an inmate at the ail stating that Plaintiff spent more

than a month in the Jail medical unit, that Plaintiff's diet at the Jail "is the same as all the other healthy inmates with the only difference being no cookies," and that, on an unspecified date, Plaintiff had to wait until the next day for medical attention "when a nurse was not on duty." *Id.*, p. 30.

Viewing the Amended Complaint's allegations in the light most favorable to Plaintiff, the Court finds that it plausibly alleges the denial of medical care for two sufficiently serious medical conditions, his diabetes and his propensity to develop blood clots due to his lupus. However, the Amended Complaint lacks any allegations regarding the personal involvement of any of the named defendants. Nor has Plaintiff sought to add any additional individuals, such as employees at the Jail, as defendants. In view of his *pro se* status, Plaintiff will be given one more opportunity to amend his pleading to set forth non-conclusory allegations regarding the specific individual or individuals who were involved in denying him a nutritionally appropriate diet and proper

care for his diabetes and denying him his blood-thinning medication for his lupus-related blood clots. In addition, Plaintiff must plead sufficient facts to plausibly suggest that the state of mind prong is satisfied, that is, whether an objectively reasonable person in the personally-involved individual's position would have known, or should have known, that his or her actions or omissions posed an excessive risk of harm to Plaintiff. *Davis*, 283 F. Supp.3d at 120 (citing *Darnell*, 849 F.3d at 35; *Lloyd*, 246 F.Supp.3d at 719; footnote omitted).

Thus, Plaintiff's Due Process claims will be dismissed without prejudice, with leave to amend as instructed above.

**F. Claims Relating to the Investigators' Grand Jury Testimony**

To the extent that Plaintiff alleges any of the Defendants offered perjured Grand Jury testimony, the Court finds that Defendants are immune from suit. Indeed, witnesses are absolutely immune from damages liability for making false or defamatory statements in

judicial proceedings. *Burns v. Reed*, 500 U.S. 478, 489 (1991); *see also Briscoe v. Lahue*, 460 U.S. 325 (1983) (noting that witnesses are absolutely immune "even if the witness knew the statements were false and made them with malice"). This immunity applies to "any hearing before a tribunal which perform[ed] a judicial function." *Id*. (citation omitted). Accordingly, Defendants are immune to suit, and these claims must be dismissed with prejudice.

### III. Motions for Service by the Marshals Service and Appointment of Counsel

These motions are stayed are denied without prejudice with leave to renew after the screening of Plaintiff's second amended complaint, should he elect to file one.

### CONCLUSION

IT HEREBY IS ORDERED, that Plaintiff's request to proceed *in forma pauperis* is GRANTED;

FURTHER, that the Amended Complaint is dismissed without prejudice as to Plaintiff's Due Process claims, with leave to replead; it is dismissed without prejudice as to Plaintiff's false arrest claim with leave to refile

in the event his conviction is later invalidated or overturned; and it is dismissed with prejudice as to Plaintiff's claim of perjury by grand jury witnesses; and

FURTHER, that Plaintiff's second amended complaint, should he elect to file one, must be filed within thirty (30) days of his receipt of this Decision and Order; and

FURTHER, that Plaintiff's motions for service and appointment of counsel are denied without prejudice with leave to renew after the screening of Plaintiff's second amended complaint, should he elect to file one.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

_____

HON. MICHAEL A. TELESCA
United States District Judge

Dated: December 26, 2018
Rochester, New York